IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILLIAM L. FRAIM, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:20-CV-1011 |
| | ) | |
| CHILLY DIL CONSULTING, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The defendants moved for summary judgment and the United States Magistrate Judge entered a Recommendation, in accordance with 28 U.S.C. § 636(b)(1)(B), that the motion should be denied. The defendants filed specific objections to part of the Recommendation, contending that summary judgment should be granted in their favor on the plaintiffs' claims for fraud and negligent misrepresentation. The Court has fully considered the defendants' arguments. Upon *de novo* review as to the matters raised in the objection, the Court agrees with the Magistrate Judge. There is a genuine issue of material fact as to whether the plaintiffs exercised reasonable diligence when inspecting the property that they purchased from the defendants, and thus whether the plaintiffs reasonably relied on the defendants' disclosures.

While the defendants' characterizations of the evidence are accurate, they have cherry-picked the best evidence for their case and dismissed or ignored evidence to the contrary. As the Magistrate Judge noted in the Recommendation, Doc. 45, there is evidence tending to prove that the plaintiffs undertook sufficient investigation and were

not on notice of water intrusion issues in the basement. Before buying the home, the plaintiffs obtained a current home inspection, which reported, *inter alia*, no indications of moisture stains in the basement rooms, Doc. 30-7 at 69, no indications of moisture in the basement foundation, *id.* at 75, and no problems with drainage in the basement. *Id.* at 78. The plaintiffs then obtained several additional inspections and appraisals addressing issues raised by the home inspection, including an inspection by a structural engineer.[1] *See id.* at 96–105. The structural engineer "found nothing of great concern structurally." *Id.* at 105. A licensed inspector, *id.* at 26–94, engineer, *id.* at 96–105, and HVAC contractor, *id.* at 118–119, looked at the property before the plaintiffs purchased it and none of them indicated there were serious water problems in the basement.

The defendants effectively ask the Court to weigh this evidence against their own in deciding whether the plaintiffs acted reasonably in relying on the defendants' disclosures. Because that is the province of the jury, summary judgment is not appropriate. *See Cummings v. Carroll*, 379 N.C. 347, 366, 866 S.E.2d 675, 690 (2021) (holding a party's reasonable reliance on information is generally a question of fact for the jury unless "the facts are so clear as to permit only one conclusion"); *RD & J Props. v. Lauralea-Dilton Enters., LLC*, 165 N.C. App. 737, 746, 600 S.E.2d 492, 499 (2004).

---

[1] As the Magistrate Judge noted, the plaintiffs obtained eight more inspections to examine issues raised in the first inspection report. *See* Doc. 45 at 21. Some were unlikely to identify issues with water intrusion. *See* Doc. 30-7 at 106–07 (roofing inspection and estimate); *id.* at 110 (painting and pressure washing estimate); *id.* at 111 (electrician inspection and estimate); *id.* at 112–116 (environmental inspection of soil near property); *id.* at 122–28 (mason's inspection and estimate). But they are evidence of due diligence and reasonable investigation.

2

As the Magistrate Judge identified, *Cummings*, 379 N.C. at 367–73, is similar to the facts here. *See* Doc. 45 at 12–15. The defendants attempt to distinguish *Cummings* because the issues with the home in that case were concealed from the buyer by paint and recent repairs. 379 N.C. at 352–53. But there is similar evidence here. *See* Doc. 30-1 at 89–94; Doc. 30-8 at 289–99.

The defendants also rely on cases from the North Carolina Court of Appeals that precede *Cummings*. *See* Doc. 49 at 3–4. But those cases are distinguishable. In several of these cases, the plaintiff-buyer did not obtain an independent inspection of the property by a licensed inspector before buying it. *See Hearne v. Statesville Lodge No. 687*, 143 N.C. App. 560, 562, 546 S.E.2d 414, 415 (2001); *Stevens v. Heller*, 268 N.C. App. 654, 662–63, 836 S.E.2d 675, 681 (2019); *Goff v. Frank A. Ward Realty & Ins. Co.*, 21 N.C. App. 25, 27–28, 203 S.E.2d 65, 67 (1974). In others, the plaintiff-buyer ignored issues flagged in a home inspection or at closing. *See MacFadden v. Louf*, 182 N.C. App. 745, 748–49, 643 S.E.2d 432, 434–35 (2007); *Folmar v. Kesiah*, 235 N.C. App. 20, 27, 760 S.E.2d 365, 369–70 (2014); *Clouse v. Gordon*, 115 N.C. App. 500, 503–04, 445 S.E.2d 428, 430 (1994). And some cases cited by the defendants involved sophisticated commercial entities that did not adequately inspect properties before purchasing them. *See RD & J Props.*, 165 N.C. App. at 746–48; *Sunset Beach Dev., LLC v. AMEC, Inc.*, 196 N.C. App. 202, 211, 675 S.E.2d 46, 53 (2009).

Finally, the defendants complain that the Magistrate Judge did not discuss all the relevant cases or address all the evidence. A court is not required to discuss every case cited by a party or explain in detail why each point raised by a losing party is incorrect.

3

The Magistrate Judge fully reviewed the evidence and law and clearly explained why summary judgment is not appropriate, providing substantially more discussion in the thirty-page recommendation than the parties likely would have gotten had this Court reviewed the matter initially. This is not a close question. For that reason, the defendants' motion for an in-person hearing will be denied. *See* Doc. 50.

In sum, there is conflicting evidence as to whether the plaintiffs exercised reasonable diligence when inspecting the property, which is necessary to establish their reasonable reliance on the defendants' disclosures. Summary judgment is thus not appropriate as to the plaintiffs' claims for fraud and negligent misrepresentation.

The defendants generally objected to the Magistrate Judge's recommendation as to the Chapter 75 claim and the conclusion that William Fraim and the William L. Fraim Trust are purchasers of the property. Doc. 49 at 20. But the defendants provided no specific basis for their objections, which they must do for *de novo* review. *See, e.g.*, *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017) (collecting cases). There is no clear error with the recommendations on these points. *See* Doc. 45 at 23–30. Even if *de novo* review applied, the result would be the same

The Court adopts the Recommendation of the Magistrate Judge in full.

It is **HEREBY ORDERED** that the defendants' motion for summary judgment, Doc. 28, and motion for an in-person hearing, Doc. 50, are **DENIED**.

This the 19th day of August, 2022.

_____
UNITED STATES DISTRICT JUDGE